IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MICHAEL T. LEWIS,<br><br>           Plaintiff,<br><br>vs.<br><br>PHILIP ANSCHUTZ and XANTERRA PARKS AND RESORTS, INC.,<br><br>           Defendants. | CV 21-115-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Following this Court's initial screening order on May 11, 2022, pro se Plaintiff Michael T. Lewis ("Lewis") has filed an amended complaint for employment discrimination ("Amended Complaint") pursuant to Title VII of the Civil Rights Act of 1964 and Montana's Wrongful Discharge from Employment Act. (Doc. 5.) Upon screening of the Amended Complaint, the Court has determined that Lewis' allegations are sufficient to warrant service of the Amended Complaint on Defendants Philip Anschutz and Xanterra Parks and Resorts, Inc. It is recommended that the claims against the remaining Defendants be dismissed.

I.    SCREENING OF THE AMENDED COMPLAINT

Lewis has heeded many of the recommendations from this Court's Order regarding amendment. He has consolidated his claims into a more comprehensive

1

narrative. But Lewis has failed to state a valid claim against some of the defendants as provided below.

Lewis identifies his employer as Xanterra Parks and Resorts, Inc. ("Xanterra"), and Philip Anschutz as the owner of Xanterra. In his Amended Complaint, Lewis has alleged sufficient facts to state a plausible claim against these Defendants under Title VII of the Civil Rights Act of 1964 and Montana's Wrongful Discharge from Employment Act ("WDEA"). Service on these Defendants will be addressed in a separate order.

Lewis also names Rodney Sisam ("Rodney"); Mark Bogden ("Mark"); and "Bernard" as defendants. (Doc. 5 at 1-2.) Lewis alleges that Rodney, his manager, had a noose hanging in his office, treated him differently than white employees, and was verbally abuse and racist towards him. (*Id.* at 7.) He further alleges that when Rodney learned that he had taken a picture of the noose, "things really started going downhill," and that he was held to a different standard than other employees. (*Id.* at 9.)

Mark appears only once, and apparently, along with Rodney, interviewed Lewis for a winter position with Xanterra. (*Id.* at 8.) Bernard is mentioned twice. First, Lewis claims that when Rodney and Mark interviewed him, he was told he needed "to be more like the white guy from Mississippi Bernard if [he] wanted to get anywhere in [the] company." (*Id.*) Second, later, Lewis states that "Bernard

2

called me a boy," but that this "was not to me the most offensive slur he was throwing at me." (*Id.* at 10.)

As noted, the Amended Complaint asserts claims for employment discrimination under Title VII and Montana's WDEA. Title VII limits civil liability to an employer, and does not impose individual liability on employees. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (citing *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982)). *See also Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007) ("We have long held that Title VII does not provide a separate cause of action against supervisors or co-workers."). The Montana Wrongful Discharge from Employment Act similarly provides a remedy against an employer for wrongful discharge. Mont. Code Ann. § 39-2-905.

Here, Lewis asserts claims against Rodney, Mark, and Bernard, who are his manager and co-workers, not his employer. Because Lewis only alleges a Title VII discrimination claim and wrongful discharge claim—and does not bring any other individual claims against any defendant—Rodney, Mark, and Bernard should be dismissed as defendants.

Based on the foregoing, the Court issues the following:

## RECOMMENDATION

1. Defendants Rodney Sisam, Mark Bogden, and Bernard should be **DISMISSED**.

Lewis may object to this Findings and Recommendation within fourteen (14) days. *See* 28 U.S.C. § 636(b)(1).[1] Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right of appeal.

Lewis must immediately advise the Court of any change in his mailing address. Failure to do so may result in dismissal of this action without notice to him.

DATED this 15th day of February, 2023.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge

---

[1] This deadline allows a party to act within fourteen (14) days after the Findings and Recommendation is "served." Federal Rule of Civil Procedure 6(d) allows three (3) additional days after the period would otherwise expire.